IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-02185-PAB-STV

ARTHUR MOORE,

    Plaintiff,

v.

SERGEANT TRESCH,

    Defendant.

---

**ORDER DENYING LEAVE TO PROCEED
ON APPEAL PURSUANT TO 28 U.S.C. § 1915**

---

This matter is before the Court on Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 [Docket No. 94] and the related motion captioned "Imminent Danger/Excusable Neglect for Failure to Pay Filing Fee $505 for Appeal – 'Application'" [Docket No. 93] filed by plaintiff on August 27, 2020. The Court construes the motions as seeking leave to proceed in forma pauperis on appeal pursuant to 28 U.S.C. § 1915. Although plaintiff has not used the proper form for seeking leave to proceed in forma pauperis *on appeal*, the motions will not be denied for that reason. Instead, leave to proceed in forma pauperis on appeal will be denied because plaintiff is subject to the filing restriction in 28 U.S.C. § 1915(g) and he fails to demonstrate imminent danger of serious physical injury.

Plaintiff is a prisoner in the custody of the Colorado Department of Corrections. He currently is housed at the Sterling Correctional Facility. His claims in this action

1

relate to his prior confinement at the Buena Vista Correctional Facility.   The Court granted defendant's motion for summary judgment and dismissed the claims without prejudice for failure to exhaust administrative remedies.   Docket No. 91.

Plaintiff seeks leave to proceed on appeal without prepayment of fees or security therefor pursuant to 28 U.S.C. § 1915.   However, § 1915 provides in relevant part that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has initiated more than three actions in a court of the United States while incarcerated that were dismissed as legally frivolous or for failure to state a claim. *See Moore v. Arguello*, No. 13-cv-01861-WJM-BNB (D. Colo. Aug. 21, 2014) (dismissed for failure to state a claim on which relief may be granted), *appeal dismissed*, No. 14-1364 (10th Cir. Oct. 8, 2014); *Moore v. Riddle*, No. 02-cv-01044-ZLW (D. Colo. July 17, 2002) (dismissed as legally frivolous); *Moore v. Atherton*, 00-cv-01650-ZLW (D. Colo. Nov. 22, 2000) (dismissed as legally frivolous), *aff'd*, No. 00-1510 (10th Cir. Nov. 14, 2001); *Moore v. Afterten*, 99-cv-02483-ZLW (D. Colo. Mar. 16, 2000) (dismissed as legally frivolous); *Moore v. Henderson*, No. 95-cv-03089-LTB (D. Colo. July 15, 1996), *appeal dismissed*, No. 96-1353 (10th Cir. Aug. 12, 1997) (appeal dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); *Moore-El v. Henderson*, No. 95-cv-02986-DBS (D. Colo. Jan. 9, 1996) (dismissed as legally frivolous); *Moore v. Wadkin* , No. 95-cv-01073-DBS

(D. Colo. May 18, 1995) (dismissed as legally frivolous); *Moore v. Bermudez*, No. 93-cv-01874-SGF (D. Colo. Jan. 28, 1994) (dismissed for failure to state a claim on which relief may be granted); *Moore v. Mitchell*, No. 93-cv-01506-SGF (D. Colo. Apr. 4, 1994) (dismissed for failure to state a claim on which relief may be granted).

"There is only one exception to the prepayment requirement in § 1915(g)" and a prisoner with three or more strikes who seeks to fall within that exception must "make specific, credible allegations of imminent danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons,* 635 F.3d 1172, 1179 (10th Cir. 2011) (internal quotation marks omitted). The prisoner also must demonstrate a nexus between the imminent danger alleged and the legal claims asserted in the complaint. *See Lomax v. Ortiz-Marquez*, 754 F. App'x 756, 759 (10th Cir. 2018), *aff'd*, 140 S. Ct. 1721 (2020). Vague and conclusory assertions of harm will not satisfy the imminent danger requirement of § 1915(g). *See White v. Colorado,* 157 F.3d 1226, 1231-32 (10th Cir. 1998). Furthermore, allegations of past injury or harm are not sufficient. *See Fuller v. Wilcox*, 288 F. App'x 509, 511 (10th Cir. 2008).

Plaintiff fails to allege facts that demonstrate he is presently facing imminent danger of serious physical injury with respect to his claims in this action or the issues he seeks to raise on appeal. Therefore, plaintiff is precluded by § 1915(g) from proceeding on appeal without prepayment of fees or security therefor. Plaintiff may pursue his claims on appeal by paying the required appellate filing fee. Accordingly, it is

**ORDERED** that Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 [Docket No. 94] and the related motion captioned "Imminent Danger/Excusable Neglect for Failure to Pay Filing Fee $505 for Appeal – 'Application'" [Docket No. 93] are denied pursuant to 28 U.S.C. § 1915(g).

Dated September 4, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge